NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TRAVIS ADDAM ZIMMERLE, *Petitioner*.

No. 1 CA-CR 13-0332 PRPC

FILED 1-15-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2010-111976-001
The Honorable Karen A. Mullins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Travis Addam Zimmerle, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Donn Kessler and Judge Kent E. Cattani joined.

**T H O M P S O N**, Judge:

**¶1**         Petitioner Travis Addam Zimmerle seeks review of the trial court's summary dismissal of his second post-conviction relief proceeding under Arizona Rule of Criminal Procedure 32.  We grant review, but we deny relief.

**¶2**         On July 15, 2010, Zimmerle pled guilty to armed robbery and aggravated assault.  On September 7, 2010, the trial court sentenced him in accordance with the plea agreement to an aggravated eleven-year term of imprisonment on the armed robbery conviction followed by a five-year term of probation on the aggravated assault conviction.

**¶3**         On December 6, 2012, Zimmerle filed a notice of post-conviction relief in which he indicated that he intended to raise a variety of claims.  The trial court summarily dismissed the notice based on a finding that the notice was untimely and that Zimmerle failed to support the notice with facts that would permit the various claims to be raised in an untimely petition for post-conviction relief.

**¶4**         On March 6, 2013, Zimmerle filed a petition for writ of habeas corpus in which he alleged that his guilty pleas were not made knowingly and intelligently because his counsel did not have a full thirty-days to consider and weigh the evidence disclosed by the State prior to the plea deadline, and his counsel was ineffective in recommending that he plead guilty.  The trial court treated the petition for habeas corpus writ as a petition for post-conviction relief, *see* Ariz. R. Crim. P. 32.3, and summarily denied relief.  The trial court ruled that the petition was both successive and untimely and that the claims raised were precluded.  We review the summary dismissal of a petition for post-conviction relief for abuse of discretion.  *State v. Bennett,* 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

**¶5**         There was no error by the trial court in summarily dismissing the petition for writ of habeas corpus.  Rule 32.4 limits the claims that may be raised in an untimely or successive petition for post-conviction relief to those made pursuant to Rule 32.1(d), (e), (f), (g), or (h).  Ariz. R. Crim. P. 32.4(a).  Neither of the claims raised by Zimmerle in the petition falls within these exceptions to preclusion.  *See* Ariz. R. Crim. P. 32.2(b).  The trial court therefore properly determined that the petition was subject to summary dismissal.

**¶6** For these reasons, although we grant the petition for review, we deny relief.



**Ruth A. Willingham · Clerk of the Court**
FILED: ama