377 P.3d 383

**The STATE of Arizona, Respondent,**

v.

**Jumar K. STEWART, Petitioner.**

**No. 2 CA–CR 2016–0200–PR**

Court of Appeals of Arizona, Division 2.

Filed June 10, 2016

William G. Montgomery, Maricopa County Attorney, By Diane Meloche, Deputy County Attorney, Phoenix, Counsel for Respondent

James J. Haas, Maricopa County Public Defender, By Tennie B. Martin and Mikel Steinfeld, Deputy Public Defenders, Phoenix, Counsel for Petitioner

Chief Judge Eckerstrom authored the decision of the Court, in which Presiding Judge Vásquez and Judge Miller concurred.

ECKERSTROM, Chief Judge:

## MEMORANDUM DECISION

¶ 1 Petitioner Jumar Stewart seeks review of the trial court's order denying him post-conviction relief, pursuant to Rule 32, Ariz.

R. Crim. P. We grant review and, for the following reasons, deny relief.

¶2 After a jury trial, Stewart was convicted of first-degree murder and aggravated assault, committed when he was sixteen-years old. The trial court sentenced him to a life term without the possibility of release for twenty-five years for murder, to be followed by a twelve-year prison term for aggravated assault. Stewart sought post-conviction relief, and appointed counsel filed a notice stating she had reviewed the record but found no claims to raise in a Rule 32 proceeding. That proceeding was dismissed after Stewart failed to file a pro se petition.

¶3 In September 2013, Stewart filed a notice of post-conviction relief in which he alleged the Supreme Court's decision in *Miller v. Alabama*, —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), was a significant change in the law that entitled him to relief from his natural-life sentence.[1] The trial court observed "there is an argument to be made that there is no system for release in Arizona at this time and that commutation or pardon is not the functional equivalent." The court further commented, however, that it could not address Stewart's arguments related to that issue without first deciding whether *Miller* was retroactively applicable. Thus, the court "deferr[ed] determination of [Stewart's] Notice of Post–Conviction Relief," appointed counsel, and ordered the parties to file briefs "on the issue of retroactive applicability of *Miller* and whether there is a presently cognizable claim for relief."

¶4 After the parties filed the ordered briefs but before the trial court held oral argument on these issues, our legislature passed H.B. 2593, which enacted A.R.S. § 13–716 and amended A.R.S. § 41–1604.09(I), establishing parole eligibility for juveniles sentenced to life imprisonment. *See* 2014 Ariz. Sess. Laws, ch. 156, §§ 2, 3. After oral argument, the court denied relief "with the condition that upon ... § 13–716[2] and § 41–1604.09(I) becoming effective under Arizona law, the Arizona Department of Corrections shall set a specific date for [Stewart's] parole eligibility." In support of its ruling, the court stated its conclusions that *Miller* applied retroactively;[3] that "HB 2593," which enacted § 13–716 and amended § 41–1604.09(I), "resolves the residual issues" of whether Stewart's "sentence violated the letter and spirit of *Miller*"; and that Stewart "is not yet eligible for release" from the sentence imposed. This petition for review followed.

¶5 On review, Stewart contends the trial court abused its discretion in denying his "request for a new sentencing, at which time [he] would have been able to raise substantive arguments regarding HB 2593." According to Stewart, had the court granted his request, he would have argued the statute was not intended to apply retroactively, that its retroactive application would violate separation of powers and ex post facto principles, and that *Miller* requires a new sentencing proceeding.[4] He asks that we "vacate the trial court's judgment, as it relates to the

---

**1.** In *Miller*, the Supreme Court held that Alabama and Arkansas statutes violated the Eighth Amendment by mandating sentences of life imprisonment without parole for juvenile homicide offenders. —— U.S. ——, 132 S.Ct. at 2475.

**2.** Effective July 24, 2014, § 13–716 provides as follows:

Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994. If granted parole, the person shall remain on

parole for the remainder of the person's life except that the person's parole may be revoked pursuant to § 31–415.

**3.** The Supreme Court has since clarified that, as the trial court concluded, *Miller* "announced a substantive rule of constitutional law" to be applied retroactively to all cases. *Montgomery v. Louisiana*, —— U.S. ——, 136 S.Ct. 718, 734, 193 L.Ed.2d 599 (2016); *see also State v. Valencia*, 239 Ariz. 255, ¶17, 370 P.3d 124 (App.2016) (concluding *Montgomery* "constitutes a significant change in Arizona law that is retroactively applicable").

**4.** The state does not dispute that Stewart raised his request to address such issues during oral argument in the trial court.

automatic resentencing by HB 2593, and remand this matter for a full resentencing."

 ¶ 6 We review a denial of post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, ¶ 17, 146 P.3d 63, 67 (2006). Stewart has not identified any such abuse here. As the state suggests in its response, these same arguments, including the argument that resentencing is required, were considered and rejected in *State v. Vera*, 235 Ariz. 571, ¶¶ 21–22, 26 & nn. 6–7, 334 P.3d 754, 759–61 & nn. 6–7 (App.2014),[5] *cert. denied*, —— U.S. ——, 136 S.Ct. 121, 193 L.Ed.2d 95 (2015). *See also Montgomery v. Louisiana*, —— U.S. ——, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016) (suggesting "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them"). The superior court is bound to follow our decision in *Vera*, *see State v. Patterson*, 222 Ariz. 574, ¶ 20, 218 P.3d 1031, 1037 (App. 2009), and Stewart has failed to persuade us any purpose would be served by remanding the case for a hearing. *See* Ariz. R. Crim. P. 32.6(c) (summary disposition appropriate when "no purpose would be served by any further proceedings").

¶ 7 Although we grant review, we deny relief.

---

5. Nor are we persuaded that the decision by another department of this court in *State v. Randles*, 235 Ariz. 547, 334 P.3d 730 (App.2014), provides Stewart with a basis for relief. In *Randles*, the court referred to § 13–716 as "appl[ying] retroactively." 235 Ariz. 547, ¶ 10, 334 P.3d at 733. To the extent that statement conflicts with our holding in *Vera*, we conclude that *Vera* properly characterizes § 13–716 as a remedial statute that affects future events and is not a retroactive statute. 235 Ariz. 571, ¶ 21, 334 P.3d at 759. And, in any event, whether the statute is classified as retroactive or remedial does not change whether Stewart is entitled to be resentenced.