NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

HECTOR JESUS ESPINOZA BELTRAN, *Petitioner.*

No. 1 CA-CR 14-0494 PRPC
FILED 6-21-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 1996-093885
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Randall M. Howe joined.

---

**G O U L D**, Judge:

**¶1**        Petitioner Hector Jesus Espinoza Beltran petitions for review of the trial court's order denying him post-conviction relief, pursuant to Rule 32, Ariz. R. Crim. P.  We grant review and, for the following reasons, deny relief.

**¶2**        Following a jury trial in 1999, Beltran was convicted of one count of first degree murder, six counts of attempted first degree murder, and one count of participating in a criminal street gang, for offenses he committed when he was seventeen years old.  The trial court sentenced him to life in prison with the possibility of parole after twenty-five years for first degree murder, and to 18 years' imprisonment for each of the six attempted first degree murder convictions and the participating in a criminal street gang conviction.[1]  All sentences were ordered to run concurrently.  This court affirmed the convictions and sentences on appeal. *State v. Beltran*, 1 CA-CR 99-0961 (Ariz. App. Jan. 23, 2001) (mem. decision).

**¶3**        In June of 2013, Beltran filed a notice of post-conviction relief in which he sought relief pursuant to *Miller v. Alabama*, 132 S.Ct. 2455 (2012), a case he argued significantly changed the law.[2]  After consolidating post-conviction proceedings of Beltran and others, the trial court appointed counsel for Beltran and ordered briefing addressing several issues,

---

[1]    Although Beltran was sentenced to life imprisonment with the possibility of parole after twenty-five years, parole had been eliminated in 1994, 1993 Ariz. Sess. Laws, ch. 255, § 86, and the only means of obtaining early release was through clemency or commutation of the sentence by the Governor. *See* A.R.S. §§ 31-402(C)(4) (Supp. 2015), 31-443 (2002).

[2]    In *Miller*, the Supreme Court held that Alabama and Arkansas statutes violated the Eighth Amendment by mandating sentences of life imprisonment without parole for juvenile homicide offenders.  132 S.Ct. at 2475.

including: (1) The "retroactive applicability of *Miller*" and (2) whether Beltran has a "presently cognizable claim for relief" under Rule 32, "in advance of the 25 year minimum sentence imposed."

¶4 After extensive briefing, and a hearing, the trial court denied Beltran's request to be resentenced and denied his Rule 32 petition. The court found *Miller* retroactively applicable and agreed with Beltran that clemency or commutation of sentence did not provide him with a "meaningful opportunity" for obtaining early release as contemplated by *Miller*.[3] But the court found the legislature's passage of House Bill 2593, which the Governor had signed just weeks earlier, resolved Beltran's claim. *See* 2014 Ariz. Sess. Laws, ch. 156, §§ 2-3 (2d Reg. Sess.); House Fact Sheet, H.B. 2593, 51st Leg., 2d Reg. Sess. (Ariz. 2014). Newly enacted Arizona Revised Statutes ("A.R.S.") section 13-716 (Supp. 2015) and amended A.R.S. § 41–1604.09(I) (Supp. 2015) establish parole eligibility for juveniles sentenced to life imprisonment. After oral argument, the court denied relief, but directed the Department of Corrections to set a date on which Beltran would be eligible for parole after the statute went into effect.

¶5 We review a denial of post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). We find none here. In his petition for review, Beltran contends the trial court erred by denying him the opportunity to raise issues regarding the application of H.B. 2593. He asserts he had intended to investigate claims and present these potential issues at a resentencing, but "the trial court plainly refused to consider" them. He urges this court not to address matters on review that the trial court has not addressed first. Among the issues he would have raised and presents to this court is that H.B. 2593 was not intended to apply retroactively, its retroactive application violates separation of powers and ex post facto principles, and parole availability under the statues does not satisfy *Miller*.

¶6 This court has considered and rejected the retroactivity argument, and the argument that resentencing is required, in *State v. Vera*, 235 Ariz. 571, 576-78, ¶¶ 21-22, 26 & nn.6–7 (App. 2014), *cert. denied*, 136 S.Ct. 121 (2015). Beltran has not persuaded us that *Vera* is meaningfully

---

[3] The trial court was correct. The Supreme Court recently concluded in *Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016), that *Miller* "announced a substantive rule of constitutional law" to be applied retroactively to all cases. *See also State v. Valencia*, ___ Ariz. ___, ___, ¶ 17, 370 P.3d 124, 128 (App. 2016) (concluding *Montgomery* "constitutes a significant change in Arizona law that is retroactively applicable").

distinguishable. In addition, the Supreme Court suggested in *Montgomery*, 136 S.Ct. at 736, that "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." No purpose would be served by remanding this case for further proceedings on these claims. *See* Ariz. R. Crim. P. 32.6(c) (stating summary disposition is appropriate when "no purpose would be served by any further proceedings"). Nor do we believe Beltran has been prevented from making a record of his objections to the application of H.B. 2593.

¶7 The trial court did not abuse its discretion in denying Beltran's request for resentencing. Although we grant review, relief is denied.



Ruth A. Willingham · Clerk of the Court
FILED: AA