SUPREME COURT OF ARIZONA
EN BANC

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-05-0533-PR |
| Respondent, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CR 05-0307 PRPC |
| DONNA JEAN BENNETT, | ) | |
| | ) | Pima County |
| Petitioner. | ) | Superior Court |
| | ) | No. CR-48329 |
| | ) | |
| | ) | |
| | ) | **O P I N I O N** |
| | ) | |

Appeal from the Superior Court in Pima County
The Honorable Lina S. Rodriguez, Judge

**REVERSED; REMANDED**
_____

Order of the Court of Appeals Division One
Filed Nov. 8, 2005

**VACATED**
_____

BARBARA LAWALL, PIMA COUNTY ATTORNEY                         Tucson
    By   Taren M. Ellis, Deputy County Attorney
Attorneys for State of Arizona

ADAM N. BLEIER ATTORNEY AT LAW                               Tucson
    By   Adam N. Bleier

And

ARIZONA JUSTICE PROJECT                                      Tucson
    By   Lawrence A. Hammond, Chairperson
Attorneys for Donna Jean Bennett
_____

M c G R E G O R, Chief Justice

¶1      We granted review to consider whether Arizona Rule of Criminal Procedure 32.2.a(3)[1] precludes defendant Donna Jean Bennett's claim of ineffective assistance of appellate counsel and, if it does not, whether Bennett has stated a colorable claim.  Bennett bases her ineffective assistance of counsel claim on appellate counsel's failure to challenge the sufficiency of the evidence on the causation element of her felony murder conviction.  We hold that Bennett's claim is not precluded and that she has stated a colorable claim of ineffective assistance of appellate counsel.

**I.**

¶2      Donna Jean Bennett, mother of then two-year-old Greyson Bennett, left Greyson with her roommate, John Sweet, while she was at work during the evening of January 30 and the morning of January 31, 1995.  Near midnight on January 30, Bennett spoke with Sweet, who told her that Greyson had bruised his head by hitting the wall.  When Bennett arrived home at 1:45 a.m., Sweet was performing mouth-to-mouth resuscitation on Greyson.  Bennett called her physician's answering service at 2:18 a.m. and was advised to take Greyson to the hospital.

---

[1]   Citations in this opinion to "Rule ___" refer to the Arizona Rules of Criminal Procedure unless otherwise noted.

¶3       Because she believed that Greyson was improving, Bennett did not take him to the hospital at that time.   At approximately 8:35 a.m., however, Greyson developed a "whizzy cough" and Bennett took him to the hospital.   Greyson died shortly after arrival of severe head injuries.

¶4       Bennett was charged with child abuse in violation of Arizona Revised Statutes (A.R.S.) section 13-3623.B.1 (Supp. 1994) for failing to seek medical treatment for Greyson "under circumstances likely to produce death or serious physical injury" and with first degree felony murder in violation of A.R.S. § 13-1105.A.2 (Supp. 1994), with child abuse as the underlying felony.   She was also charged with possession of methamphetamine in violation of A.R.S. § 13-3407 (Supp. 1994).

¶5       The trial court correctly instructed the jury that Bennett could be convicted of felony murder only if her delay in seeking medical treatment for Greyson caused his death.   The jury instructions for the felony murder charge stated that Bennett committed first degree murder if,

> [a]cting either alone or with another, she intentionally or knowingly committed or attempted to commit Child Abuse Under Circumstances Likely to Cause Death or Serious Physical Injury, and in the course of and in furtherance of that offense, Donna Bennett or John Sweet, or another caused the death of Greyson Bennett.
> "Cause . . . the death" means that the crime helped produce the death and that the death would not have happened without the crime.

3

¶6     At the end of trial, Bennett's counsel moved for acquittal pursuant to Rule 20. The trial judge denied the motion, noting that the State had presented sufficient evidence to warrant submitting the matter to the jury. The jury then convicted Bennett of all counts. She received a life sentence with no eligibility for release for thirty-five years for the felony murder conviction, to run concurrently with a seventeen-year sentence for the child abuse conviction, to be followed by a consecutive one-year sentence for the drug possession conviction.

¶7     Bennett appealed her convictions, arguing, among other things, that the trial judge had erred in denying the Rule 20 motion with respect to the child abuse count, but she did not challenge the Rule 20 ruling with respect to the murder or drug possession counts. Division Two of the Court of Appeals stayed Bennett's direct appeal pending determination of her post-conviction relief petition.

¶8     On October 30, 1997, Bennett's attorney filed a Notice of Post-Conviction Relief with the superior court, stating that he had been appointed as counsel for both the direct appeal and the Rule 32 proceedings. The superior court denied the petition for post-conviction relief, which alleged ineffective assistance of trial counsel, and Bennett petitioned the court of appeals for review.

4

¶9        The court of appeals consolidated Bennett's direct appeal and her petition for review of the denial of post-conviction relief, affirming the convictions and denying relief. In its memorandum decision, the court of appeals affirmed the denial of the Rule 20 motion on the child abuse count only; it did not address whether sufficient evidence established that Bennett's delay in seeking medical care caused Greyson's death.

¶10       Bennett, with the assistance of new counsel, subsequently filed a second petition for post-conviction relief. In this petition, Bennett alleged that the State failed to present sufficient evidence to show that her delay in seeking medical treatment for Greyson caused his death. In addition, she argued that her appellate counsel was ineffective because he failed to raise this challenge on direct appeal.

¶11       The superior court dismissed Bennett's second post-conviction relief petition after concluding that Rule 32.2.a precluded the claim of insufficiency of the evidence of causation because that issue had been raised and finally adjudicated on the merits on direct appeal and because Bennett could have raised the issue in her first post-conviction relief proceeding. The superior court also rejected Bennett's ineffective assistance of appellate counsel argument, based in part on its determination that the sufficiency of the evidence claim had been raised and decided in the direct appeal.

Although the court found the claim to be precluded, it nonetheless addressed the merits and concluded that medical testimony established causation under the felony murder statute.

¶12    The case was subsequently transferred from Division Two of the Court of Appeals to Division One, which denied review without comment.  Bennett then petitioned this Court for review, challenging only her felony murder conviction and claiming that she had presented a colorable claim that appellate counsel was ineffective in not raising the issue of insufficiency of the evidence to establish causation on direct appeal.  This Court has jurisdiction pursuant to Article 6, Section 5.3, of the Arizona Constitution and Rule 31.19.

## II.

¶13    We must first decide whether Rule 32.2.a(3), which precludes a claim that "has been waived at trial, on appeal, or in any previous collateral proceeding," precludes Bennett's claim of ineffective assistance of appellate counsel.

¶14    As a general rule, when "ineffective assistance of counsel claims are raised, or could have been raised, *in a Rule 32 post-conviction relief proceeding*, subsequent claims of ineffective assistance will be deemed waived and precluded." *State v. Spreitz*, 202 Ariz. 1, 2 ¶ 4, 39 P.3d 525, 526 (2002). We have previously noted, however, that it is improper for appellate counsel to argue his own ineffectiveness at trial

6

because the "standard for determining whether counsel was reasonably effective is 'an objective' standard which we feel can best be developed by someone other than the person responsible for the conduct." *State v. Marlow*, 163 Ariz. 65, 68, 786 P.2d 395, 398 (1989) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *see also State v. Suarez*, 137 Ariz. 368, 380, 670 P.2d 1192, 1204 (App. 1983) (noting that "it is improper for appellate counsel to argue his own ineffectiveness at trial because, as a matter of policy, it is difficult for counsel to objectively review his own performance and zealously argue any inadequacies in that performance on behalf of his client"). The same principles apply when post-conviction relief counsel might argue his own ineffectiveness on direct appeal. It is as difficult for post-conviction relief counsel to objectively review his own performance on direct appeal and to argue any inadequacies in that performance on behalf of his client as it is for appellate counsel to argue his own ineffectiveness at trial.

¶15     Here, Bennett's first post-conviction relief petition did not raise the issue of ineffective assistance of appellate counsel. Normally, such a claim would now be precluded. *See* Rule 32.2.a. In this case, however, post-conviction relief counsel could have raised the claim only by asserting his own ineffectiveness in failing to challenge the sufficiency of the

7

evidence on the causation issue. As our case law makes clear, such an argument is improper.[2]

¶16    For the foregoing reasons, we conclude that the second post-conviction relief petition, in which Bennett was represented by different counsel, was the first proceeding in which she could raise the ineffective assistance of appellate counsel argument. Therefore, Rule 32.2.a(3) does not preclude Bennett's ineffective assistance of counsel claim.

## III.

¶17    Because Bennett's ineffective assistance of counsel claim is not precluded, we must next decide whether that claim is colorable. If the claim is colorable, Bennett is entitled to a hearing to determine whether appellate counsel rendered effective assistance. Rule 32.8; *Spreitz*, 202 Ariz. at 2 ¶ 5, 39 P.3d at 526. We review for abuse of discretion the superior court's denial of post-conviction relief based on lack of a colorable claim. *State v. Krum*, 183 Ariz. 288, 293, 903 P.2d 596, 601 (1995).

---

[2]    We note that as long as the courts appoint the same attorney to represent a defendant in both his or her direct appeal and post-conviction relief petition and suspend the appeal to permit the court to consider it with the petition, the defendant will never be able to raise ineffective assistance of appellate counsel claims in the original post-conviction relief petition.

8

**A.**

¶18     Bennett's ineffective assistance of counsel claim relies upon appellate counsel's failure to challenge the sufficiency of the State's evidence of causation on the felony murder charge.  The superior court found that appellate counsel was not ineffective because (1) the issue of causation had been raised on direct appeal and (2) the State presented sufficient evidence of causation.

¶19     As noted above, Bennett's original trial counsel moved for acquittal under Rule 20 before the court submitted the case to the jury.  That motion required the court to consider whether substantial evidence supported all charges.  *See State v. Mathers*, 165 Ariz. 64, 66, 796 P.2d 866, 868 (1990).  Thus, Bennett preserved the issue of sufficiency of the evidence of causation for appeal.

¶20     Although Bennett's appellate counsel challenged the denial of the Rule 20 motion with respect to the child abuse charge, he did not challenge the felony murder conviction, and the court of appeals did not address that conviction.  Therefore, the superior court erred in finding that the issue of causation had been raised by appellate counsel and finally adjudicated on the merits by the court of appeals in the direct appeal.

**B.**

¶21     A colorable claim is "one that, if the allegations are true, might have changed the outcome." *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993).  To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant. *Strickland*, 466 U.S. at 687.  Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Id.; State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

¶22     A strong presumption exists that appellate counsel provided effective assistance. *State v. Valdez*, 167 Ariz. 328, 329-30, 806 P.2d 1376, 1377-78 (1991).  Appellate counsel is responsible for reviewing the record and selecting the most promising issues to raise on appeal. *State v. Herrera*, 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App. 1995).  As a general rule, "[a]ppellate counsel is not ineffective for selecting some issues and rejecting others." *Id.*  Nevertheless, if counsel ignores issues that are clearly stronger than those selected for appeal, a defendant can overcome the presumption of effective assistance of counsel. *See Smith v. Robbins*, 528 U.S. 259, 288

(2000) (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

## 1.

¶23    The parties do not dispute that Arizona's felony murder statute contains an independent causation requirement. A defendant is guilty of felony murder if "in the course of and in furtherance of" an enumerated felony, including child abuse, that defendant "*causes the death* of any person." A.R.S. § 13-1105.A.2 (emphasis added). This causation requirement is satisfied when "[b]ut for the conduct the result in question would not have occurred." A.R.S. § 13-203.A.1 (1989); *see also State v. Lawson*, 144 Ariz. 547, 559, 698 P.2d 1266, 1278 (1985). The trial court properly instructed the jury that the State satisfied the causation element if the "crime helped produce the death and . . . the death would not have happened without the crime." Thus, the State was required to present evidence showing that Greyson's death "would not have happened" without Bennett's delay in seeking medical treatment.

## 2.

¶24    The State relied solely on the testimony of Dr. John Bush, the physician who treated Greyson at the emergency room, to establish the causal link between Bennett's delay in seeking

11

medical treatment for Greyson and the child's death.[3]  Dr. Bush equivocated in his testimony, stating that he was speculating and that Greyson "may or may not have benefited" from earlier medical treatment.  The court of appeals could have found this testimony insufficient to show that Bennett's failure to seek earlier treatment caused Greyson's death.  *See, e.g., Ex parte Lucas*, 792 So. 2d 1169, 1171-73 (Ala. 2000) (finding insufficient evidence to support conviction for murder when medical experts did not testify that child would have survived or would have survived longer if mother had sought earlier medical treatment); *State v. Muro*, 695 N.W.2d 425, 432 (Neb.

---

[3]    On direct examination, Dr. Bush stated that Greyson "may or may not have benefited from earlier treatment, but I certainly suspect that he could have benefited and he might have actually survived this episode."  He went on to state that he was speculating and that "it's difficult to say what the outcome would have been."  On cross-examination, in response to a question about whether he had previously been certain that Greyson would have survived with earlier medical treatment, Dr. Bush stated:

> I was never certain that he could have been saved. No, that's not correct.  I was more—I was more certain . . . yes, he definitely could have survived.  I feel that his chances would have been much better for survival, let me put it that way, had he come in—I didn't say that—but had he come in earlier.

At the conclusion of cross-examination, the following exchange took place:

> Q: You can speculate that Greyson might have lived if he had been brought in earlier; is that correct, Doctor?
> A: That's correct.

12

2005) (holding that mere proof of the *possibility* of survival with earlier medical treatment is insufficient to show that failure to seek medical treatment caused the death of a child beyond a reasonable doubt). Appellate counsel's failure to challenge the sufficiency of the evidence on a fundamental element of the offense at least suggests that Bennett's counsel fell below objective standards in his representation.

### 3.

¶25 To establish a colorable claim, Bennett must also show that counsel's deficient performance resulted in prejudice. A defendant establishes prejudice if she can show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To show prejudice here, Bennett must establish a reasonable probability that her claim of insufficient evidence of causation to support the felony murder conviction would have succeeded on appeal. *See, e.g., Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992).

¶26 Generally, we defer to the superior court's ruling in a post-conviction relief proceeding. *See, e.g., Krum*, 183 Ariz. at 293, 903 P.2d at 601 (noting that appellate courts use the discretionary review standard because the superior court "is

most familiar with the defendant and the proceedings below"). Here, although the superior court found Dr. Bush's testimony sufficient to establish causation, the judge erroneously based her conclusion on *State v. Fernane*, 185 Ariz. 222, 914 P.2d 1314 (App. 1995), which does not address the issue presented in this case.

¶27    In *Fernane*, a jury convicted the defendant of one count of felony murder and two counts of child abuse, the first for leaving the child with someone she knew to be dangerous and the second for failing to seek medical care for the child. *Id.* at 223-24, 914 P.2d at 1315-16. Fernane challenged the sufficiency of the evidence to support her convictions. In reviewing this claim, however, the court of appeals discussed only whether sufficient evidence supported the two child abuse convictions. *Id.* at 224, 914 P.2d at 1316.

¶28    The opinion in *Fernane* seems to assume that the mere conviction for child abuse supports a conviction for felony murder. That assumption is incorrect. Conviction for the underlying felony does *not* automatically support a conviction for felony murder; the State must also prove that the child abuse caused the victim's death. Unlike Fernane, Bennett was charged only with child abuse based on her delay in seeking medical treatment for Greyson and not for child abuse based on leaving Greyson with someone she knew to be dangerous. Here,

14

the child abuse conviction establishes that Bennett's delay in seeking medical care for Greyson endangered his health, but does not itself establish that his death "would not have happened" in the absence of that delay. Thus, we need not defer to the superior court's ruling on the sufficiency of the evidence in this case. We do not decide the issue ourselves because the superior court has not yet had a chance to apply the correct legal standard, and the court of appeals has never addressed the issue.

¶29 Because a court properly interpreting *Fernane* and the relevant statutes and case law could find that the State presented insufficient evidence to support Bennett's felony murder conviction, she has established a reasonable probability that the outcome of her case would have been different had her appellate counsel challenged the sufficiency of the evidence of causation. Therefore, we find that she has stated a colorable claim for ineffective assistance of counsel.

**IV.**

¶30 When a defendant states a colorable claim, she is entitled to a hearing on the merits of that claim. *State v. Watton*, 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990) (noting that one purpose of Rule 32 is to "furnish an evidentiary forum for the establishment of facts underlying a claim for relief, when such facts have not previously been established of record"

15

(quoting *State v. Scrivner*, 132 Ariz. 52, 54, 643 P.2d 1022, 1024 (App. 1982)) (internal quotation marks omitted). Therefore, we remand this matter for a new hearing on the merits of Bennett's ineffective assistance of counsel claim. The superior court must first determine whether Bennett's appellate counsel fell below objectively reasonable standards. If so, the court must then consider the legal issue of whether this deficiency prejudiced Bennett, i.e., whether the court of appeals would have reversed Bennett's felony murder conviction had the issue of sufficiency of the evidence been raised on appeal. If the superior court concludes that Bennett suffered prejudice, it should vacate the felony murder conviction.

**V.**

¶31        For the foregoing reasons, we vacate the order of the court of appeals, reverse the superior court's denial of Bennett's second petition for post-conviction relief, and remand the matter to the superior court for a hearing on Bennett's ineffective assistance of appellate counsel claim.

_____
                    Ruth V. McGregor, Chief Justice


CONCURRING:


_____
Rebecca White Berch, Vice Chief Justice


16

_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice