NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ARTURO AREVALO, *Petitioner*.

No. 1 CA-CR 13-0573 PRPC

FILED 4-2-2015

Petition for Review from the Superior Court in Maricopa County
No.  CR 2003-008555-001
The Honorable Karen L. O'Connor, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Arturo Arevalo, Florence
*Petitioner*

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

**J O H N S E N**, Judge:

¶1         Arturo Arevalo petitions for review of the superior court's summary dismissal of his fourth petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered his petition and, for the reasons stated, grant review but deny relief.

¶2         Arevalo pled guilty to kidnapping, a Class 2 felony, and attempted sexual assault, a Class 3 felony. After the superior court sentenced Arevalo, he filed a petition for post-conviction relief seeking resentencing based on *Blakely v. Washington*, 542 U.S. 296 (2004). The court granted relief and resentenced Arevalo as a repetitive offender, imposing an aggravated 18.5-year prison term on the kidnapping conviction and lifetime probation for his conviction of attempted sexual assault.

¶3         Following his resentencing, Arevalo filed another petition for post-conviction relief. Arevalo's counsel notified the superior court that she reviewed the record and found no claims to raise in the post-conviction proceeding. Arevalo filed a *pro se* petition raising claims of ineffective assistance of counsel, biased superior court and illegal sentence. The superior court summarily dismissed the petition, ruling that Arevalo failed to state a colorable claim for relief.

¶4         Arevalo later filed a third petition for post-conviction relief, alleging a claim of significant change in the law affecting his sentencing. The superior court summarily dismissed the petition, finding that Arevalo failed to state a claim on which relief can be granted.

¶5         Arevalo then filed a fourth petition for post-conviction relief in which he alleged that the superior court erred by requiring he register as a sex offender and imposing the aggravated 18.5-year sentence. Noting that the notice was both untimely and successive, the superior court summarily dismissed the petition on the ground that it failed to state a claim that could be raised in an untimely post-conviction relief proceeding.

¶6         On review, Arevalo raises the same arguments he made in the superior court. We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *See State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

¶7         Arevalo's notice and petition for post-conviction relief are both untimely and successive. A defendant who commences an untimely or successive Rule 32 post-conviction proceeding may only bring claims

under Rule 32.1(d), (e), (f), (g), or (h). Ariz. R. Crim. P. 32.4(a). Because Arevalo's claims for relief do not fall within these provisions, the superior court did not abuse its discretion by summarily dismissing his petition.

¶8    For the reasons stated, we grant review, but deny relief.

