NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

HAROLD EUGENE MARKLAND, *Petitioner*.

No. 1 CA-CR 14-0331 PRPC
FILED 7-26-2016

---

Petition for Review from the Superior Court in Maricopa County
No. CR2006-006142-001
The Honorable Pamela S. Gates, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Harold Eugene Markland, Florence
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**T H U M M A, Judge**:

¶1 Petitioner Harold Eugene Markland seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on such a petition. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Markland has shown no error, this court grants review but denies relief.

¶2 A jury convicted Markland of aggravated assault and attempted kidnapping. The superior court imposed concurrent prison terms, the longest of which was 12 years. This court affirmed the convictions and sentences on appeal. *State v. Markland*, 1 CA-CR 06-0978 (Ariz. App. Aug. 26, 2008) (mem. dec.).

¶3 In August 2007, Markland filed a petition for post-conviction relief. At Markland's request, this petition was dismissed without prejudice in November 2007.

¶4 In April 2008, Markland filed a notice of post-conviction relief and the superior court appointed counsel to represent him. In September 2008, appointed counsel filed a notice of completion of review, stating that after review of the record, she was unable to find any issues to raise. This proceeding was dismissed on April 3, 2009, after Markland failed to timely file a pro se petition for post-conviction relief.

¶5 In May 2009, Markland filed a petition for writ of certiorari, which the superior court treated as a notice for post-conviction relief and found it timely because it was filed within 30 days of the issuance of the mandate on his appeal. The court appointed counsel to represent Markland, and the petition for post-conviction relief filed by counsel alleged ineffective assistance of counsel. The court later summarily dismissed the petition, ruling Markland failed to state a colorable claim for relief. This court granted review of the order of dismissal, but denied relief. *State v. Markland*, 1 CA-CR 12-0649 PRPC (Ariz. App. Nov. 19, 2013) (mem. dec.).

¶6 In December 2013, Markland filed a petition for post-conviction relief alleging claims involving violation of various constitutional rights and a claim of actual innocence. The superior court found the petition untimely and successive and summarily dismissed the petition, ruling the constitutional claims were precluded because they could not be raised in an untimely and successive petition and that Markland failed to state a colorable claim of actual innocence. After the

superior court denied Markland's motion for rehearing, he filed the pending petition for review with this court.

¶7            Markland contends the superior court's summary dismissal was error, claiming he was denied a fair trial due to the jury reaching its verdicts without all exhibits admitted at trial or, in the alternative, his rights of confrontation and cross-examination were violated by the release of an exhibit to the prosecutor before deliberations. This court reviews the summary dismissal of a post-conviction relief proceeding for abuse of discretion, *State v. Bennett*, 213 Ariz. 562, 566 ¶ 17 (2006), and may affirm the superior court's ruling "on any basis supported by the record," *State v. Robinson*, 153 Ariz. 191, 199 (1987).

¶8            Markland could have raised either of these two issues on direct appeal or in his prior post-conviction relief proceedings. Any claim a defendant could have raised on direct appeal or a prior post-conviction relief proceeding is precluded. *See* Ariz. R. Crim. P. 32.2(a). None of the exceptions to preclusion available under Rule 32.2(b) apply and Markland does not contend otherwise. Because Markland is precluded from raising these claims in a successive post-conviction relief proceeding, the superior court did not err in summarily dismissing the petition. *See* Ariz. R. Crim. P. 32.2(c) (providing "any court on review of the record may determine and hold that an issue is precluded regardless of whether the state raises preclusion").

¶9            Because Markland has shown no error, this court grants review but denies relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA