NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

TASHA R. FINLEY, *Petitioner.*

No. 1 CA-CR 14-0499 PRPC
FILED 7-28-16

Petition for Review from the Superior Court in Maricopa County
No. CR 1993-003255
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

### COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen and Judges Lawrence F. Winthrop and Samuel A. Thumma delivered the decision of the Court.

---

**PER CURIAM**:

¶1        Tasha Finley petitions this court for review of the dismissal of her petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated below, grant review and deny relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C) (2016).[1]

### FACTS AND PROCEDURAL BACKGROUND

¶2        Following a jury trial in 1994, Finley was convicted of first-degree murder, attempted armed robbery, conspiracy to commit armed robbery, burglary and kidnapping.  The offenses were committed on February 12, 1993, when Finley was 17 years old.  The superior court sentenced Finley to life in prison with the possibility of release after 25 years for first-degree murder, and shorter terms of incarceration for the other convictions; all of the sentences to be concurrent.  On appeal, this court reversed the conviction and sentence for kidnapping, but affirmed the remaining convictions and sentences.  *State v. Finley*, 1 CA-CR 94-0313 (Ariz. App. Feb. 28, 1995) (mem. decision).  On remand, the kidnapping count was dismissed.

¶3        In October 2013, Finley filed a successive notice of post-conviction relief in which she raised various claims, including a claim for relief pursuant to *Miller v. Alabama*, 132 S. Ct. 2455 (2012).  *Miller* held that a "mandatory life [sentence] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  *Id.* at 2460.  Finley argued *Miller* was a significant change in the law that required resentencing.

¶4        Several other juvenile homicide offenders also sought relief based on *Miller*, and the superior court consolidated their proceedings. The court appointed counsel for Finley and ordered briefing addressing several

---

[1]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

issues, including the "retroactive applicability of *Miller*" and whether Finley has a "presently cognizable claim for relief" under Rule 32, "in advance of the 25 year minimum sentence imposed."

**¶5**　　In its response, the State argued *Miller* did not apply to Finley because Finley was parole-eligible. The legislature generally abolished parole in 1993, when it amended A.R.S. § 41-1604.06 (2016). *See* 1993 Ariz. Sess. Laws, ch. 255, § 86 (1st Reg. Sess.). The abolition of parole, however, only applied to those who committed offenses on or after January 1, 1994: "The provisions of sections 1 through 86 . . . of this act apply only to persons who commit a felony offense after the effective date of this act [January 1, 1994]." 1993 Ariz. Sess. Laws, ch. 255, § 99 (1st Reg. Sess.). The parole statute was renumbered as A.R.S. § 41-1604.09 (1993), and subsection (I) was added, which reads: "This section applies only to persons who commit felony offenses before January 1, 1994." 1993 Ariz. Sess. Laws 1993, ch. 255, § 88 (1st Reg. Sess.).[2] Thus, the premise of *Miller* (that a defendant has been sentenced to mandatory life imprisonment without parole for a crime committed when the defendant was younger than 18) does not apply to Finley.

**¶6**　　Finley replied that the State's response was "beyond the scope" of the superior court's briefing order and requested the court to strike the response. She also argued that notwithstanding her parole eligibility, there was still the issue of "whether the possibility for parole after 25 years (as opposed to an earlier date) comports with *Miller* and the Eighth Amendment."

**¶7**　　The superior court then held a hearing on the consolidated cases. At the hearing, the parties noted that unlike most of the other defendants, whose crimes had been committed after January 1, 1994, Finley was an "old code" defendant and her case may have been mistakenly consolidated with the others.

> THE COURT: Before we go further, I noticed this when I announced it. The Tasha Finley case, I think, is an old code case, if I'm not mistaken.

*　　*　　*

---

[2]　　The current version of § 41-1604.09(I) has since been amended to also include juvenile offenders sentenced to life imprisonment. *See* A.R.S. § 41-1604.09(I)(1),(2) (2016).

> This [hearing] was intended to be all the truth in sentencing [new code] cases. And I think that Ms. Finley's case doesn't apply here. . . . So that what I'm inclined to do on hers, is to put it in the pipeline with the other cases that are not truth in sentencing cases, and her not be denied the opportunity for whatever might still come. But I just think it was mistakenly set for today. So I just wanted to clarify that.
>
> DEFENSE COUNSEL: We'll agree with that, Judge. Thank you.

¶8 After the hearing, the court denied Finley's request to be resentenced and denied her Rule 32 petition. The court held in relevant part that *Miller* was a significant change in the law and was retroactive; that because Arizona law allowed for commutation or pardon after 25 years, it did not mandate life sentences without a possibility of parole for juveniles; but that commutation or clemency did not provide meaningful opportunities for release to offenders sentenced to life with the possibility of release. The court further held, however, that the then-recent passage of House Bill ("H.B.") 2593, which reestablished parole for juvenile offenders sentenced to life imprisonment with a possibility of parole, resolved any issues as to whether Finley's sentence "violated the letter and spirit of *Miller*." *See* 2014 Ariz. Sess. Laws, ch. 156, § 3 (2d Reg. Sess.). Although the court denied relief, it directed the Department of Corrections to set a date on which Finley was eligible for parole after the statute went into effect.

¶9 Finley now seeks review. We review the superior court's summary dismissal of a Rule 32 proceeding for abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016); *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

## DISCUSSION

¶10 In her petition for review, Finley contends the superior court erred by denying her the opportunity to raise issues regarding the application of H.B. 2593. She asserts she had intended to investigate claims and present these potential issues at a resentencing, but "the trial court plainly refused to consider" them. She urges this court not to address matters on review that the superior court has not addressed first. Among the issues she says she would have raised is that H.B. 2593 was not intended to apply retroactively, its retroactive application violates separation of

powers and ex post facto principles, and parole availability under the statues does not satisfy *Miller*.

**¶11**          Whether Finley was denied an opportunity to raise issues regarding H.B. 2593 is immaterial because it does not apply to Finley. Finley is an "old code" inmate who, since the time she was sentenced, is and has been eligible for parole after serving 25 years. Nor is she entitled to relief under *Miller*. *Miller* held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460. Finley was not subject to a mandatory life sentence and she has been provided a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *See Graham v. Florida*, 560 U.S. 48, 75 (2010); A.R.S. § 41-1604.09(I)(1) (2016).

**¶12**          It appears that although the superior court and the parties realized at the May 2, 2014, hearing that Finley's case was not a new code or "truth in sentencing case," her case was nevertheless mistakenly resolved as though it were. The superior court's minute entry (and Finley's petition for review and the State's response) appear to be essentially the same minute entry and briefs used in the other new code or truth in sentencing cases. Nevertheless, because Finley is not entitled to relief for the reasons set forth above, no useful purpose would be served by a remand. *See* Ariz. R. Crim. P. 32.6(c) (summary disposition appropriate when "no purpose would be served by any further proceedings").

## CONCLUSION

**¶13**          For the reasons stated, we grant review and deny relief.

