NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LOREN LEE HOOKS, *Petitioner.*

No. 1 CA-CR 14-0500 PRPC
FILED 8-18-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 1999-006371
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B, Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen, Judge Jon W. Thompson and Chief Judge Michael J. Brown delivered the following decision.

---

**PER CURIAM**:

**¶1** Loren Lee Hooks petitions this court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C) (2016).[1]

### FACTS AND PROCEDURAL BACKGROUND

**¶2** A jury convicted Hooks of murder and armed robbery, offenses he committed in 1999, when he was 17 years old. The superior court sentenced Hooks to life imprisonment with a possibility of parole after 25 years for the murder and to a concurrent 10.5-year term for the armed robbery. Although the applicable sentencing statute provided for the possibility of parole after 25 years, as relevant here, the legislature abolished parole in 1993 when it amended A.R.S. § 41-1604.06 (2016). *See* A.R.S. § 13-751(A) (2009) (sentences for first-degree murder); 1993 Ariz. Sess. Laws, ch. 255, § 86 (1st Reg. Sess.) (amending A.R.S. § 41-1604.06). Therefore, at the time the superior court sentenced Hooks, the only way he could obtain release after 25 years was through executive commutation of his sentence or pardon. *See* A.R.S. §§ 31-402(C) (2016) (clemency); -443 (2016) (commutation). A sentencing scheme that abolishes parole for life sentences and provides for release based only on executive clemency does not provide a meaningful opportunity for release from a life sentence. *See Graham v. Florida*, 560 U.S. 48, 57 (2010).

**¶3** Hooks filed a notice of post-conviction relief in which he challenged his sentence based on the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Miller* held that "mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual

---

[1] Absent material revision after the date of an alleged offense, we cite a statute's current version.

punishments.'" *Id*. at 2460. Hooks argued *Miller* was a significant change in the law that required resentencing.

¶4        The superior court consolidated Hooks's post-conviction proceeding with those of a number of other petitioners who raised identical claims. The court ordered the parties to file briefs that addressed whether *Miller* was retroactive and whether the petitioners had cognizable claims, given that they had not yet served 25 years of their sentences. The court then held a hearing on the consolidated claims, after which it denied relief. The court held in relevant part that *Miller* was a significant change in the law and was retroactive; that because Arizona law allowed for commutation or pardon after 25 years, it did not mandate life sentences without a possibility of parole for juveniles; but that commutation or clemency did not provide meaningful opportunities for release to offenders sentenced to life with the possibility of release. The court further held, however, that the then-recent passage of House Bill ("H.B.") 2593, which reestablished parole for juvenile offenders sentenced to life imprisonment with a possibility of parole, resolved any issues as to whether Hooks's sentence "violated the letter and spirit of *Miller*." *See* H.B. 2593, 51st Leg., 2d Reg. Sess. (Ariz. 2014). Hooks now seeks review. We review the superior court's summary dismissal of a Rule 32 proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

## DISCUSSION

¶5        In his petition for review, Hooks argues the superior court erred by denying him a resentencing, at which he could raise issues regarding the application of H.B. 2593. He asserts he had intended to investigate potential claims and present them at a resentencing, but "the trial court plainly refused to consider" them. Among the issues Hooks argues he would have raised, and now presents to this court, is that H.B. 2593 was not intended to apply retroactively, its retroactive application violates separation of powers and *ex post facto* principles, and parole availability under the statues does not satisfy *Miller*.

¶6        We deny relief. First, *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016); *State v. Valencia*, 239 Ariz. 255, 259, ¶ 17 (App. 2016). Second, "A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, 136 S. Ct. at 736. Assuming *arguendo* that Hooks's sentence violated *Miller*, H.B. 2593 and the resulting statutory changes remedied that violation because

they permit "juvenile homicide offenders to be considered for parole[.]" *See Montgomery*, 136 S. Ct. at 736.

¶7            Through H.B. 2593, the legislature enacted A.R.S. § 13-716 and amended A.R.S. § 41-1604.09(I).  2014 Ariz. Sess. Laws, ch. 156, § 2 (2d Reg. Sess.).  Arizona law now provides:

> Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994.

A.R.S. § 13-716 (2016).  Further, any person sentenced to life imprisonment and who is eligible for parole pursuant to A.R.S. § 13-716 now is expressly subject to the parole eligibility provisions of A.R.S. § 41-1604.09 (2016). A.R.S. § 41-1604.09(I)(2).    Therefore, Hooks now has a meaningful opportunity to be placed on parole once he completes 25 years of his sentence.  This remedies any theoretical violation of *Miller*.  Additionally, this court already has considered and rejected the arguments Hooks makes regarding the separation of powers, H.B. 2593 and the resulting legislative changes.  *See State v. Vera*, 235 Ariz. 571, 576-77, ¶¶ 21-22 (App. 2014).

¶8            Finally, Hooks's *ex post facto* argument is meritless.  He argues § 13–716 violates the *ex post facto* doctrine because the statute "takes away the vested right to a hearing to be absolutely discharged from parole, instead requiring defendants to remain on parole for the remainder of their lives."  Hooks committed his offenses in 1999.  As noted, the legislature abolished parole in 1993 for everyone except those offenders who committed their crimes before January 1, 1994.  The 1993 change impliedly also abolished the right to absolute discharge from parole.  A.R.S. § 41-1604.09(I).  Therefore, at the time he committed the murder, Hooks had no right to parole at all, let alone a vested right to the opportunity to obtain absolute discharge from parole.

**CONCLUSION**

¶9          We grant review and deny relief.



Amy M. Wood • Clerk of the court
FILED:  AA