NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JOSHUA MARTIN MELECIO, *Petitioner.*

No. 1 CA-CR 14-0802 PRPC
FILED 11-1-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-134412-001
CR2011-134851-001
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Joshua Martin Melecio, Buckeye
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O,** Judge:

¶1 Joshua Martin Melecio petitions for review of the summary dismissal of his second notice of post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 Melecio pled guilty to two counts of armed robbery and was sentenced in accordance with the plea agreements to concurrent fifteen-year prison terms. After having his first post-conviction relief proceeding dismissed in 2012, Melecio filed an untimely and successive notice of post-conviction relief in 2014 indicating intent to raise claims of newly discovered evidence and ineffective assistance of post-conviction relief counsel. Finding that Melecio failed to state a claim for which relief could be granted, the superior court summarily dismissed the notice.

¶3 We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). Furthermore, we may affirm the superior court's ruling "on any basis supported by the record." *State v. Robinson*, 153 Ariz. 191, 199 (1987).

¶4 The superior court properly dismissed Melecio's notice of post-conviction relief. Because the notice was untimely, Melecio was precluded from raising a claim of ineffective assistance of counsel. Ariz. R. Crim. P. 32.4(a); *see also* Ariz. R. Crim. P. 32.1(a) cmt. (noting claims of ineffectiveness of counsel fall under Rule 32.1(a)). And while a claim of newly discovered evidence is one that can be raised in an untimely or successive post-conviction relief proceeding, Melecio failed to make the requisite showing in his notice "substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner" to avoid summary dismissal. Ariz. R. Crim. P. 32.2(b).

¶5      Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA