NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANIEL LEE THOMPSON, *Petitioner*.

No. 1 CA-CR 14-0337 PRPC
FILED 11-15-2016

Appeal from the Superior Court in Maricopa County
No. CR 1989-004473
No. CR 1995-006080
The Honorable Karen A. Mullins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Daniel Lee Thompson, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

---

**K E S S L E R**, Judge:

¶1 Petitioner Daniel Thompson seeks review of the superior court's order dismissing his fourth petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.1 (2016).[1] We review the superior court's denial of post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006) (citation omitted). Finding no such abuse of discretion, we grant review but deny relief.

¶2 Following a jury trial, Thompson was sentenced on April 30, 1996 to concurrent terms of twenty and fourteen years' imprisonment for armed robbery and aggravated assault, respectively.[2] He appealed, and the Court of Appeals affirmed his convictions and sentences on April 4, 1997. This is an appeal from Thompson's fourth Rule 32 petition, filed March 20, 2014.[3] The superior court denied the motion as untimely and successive and ruled Thompson failed to state a claim on which relief can be granted in an untimely Rule 32 proceeding.

¶3 The mandate on Thompson's direct appeal was issued in April 1997. According to Rule 32.4(a), a notice of post-conviction relief must be filed with the court within thirty days after issuance of the mandate by the appellate court. Ariz. R. Crim. Pro. 32.4(a). Accordingly, the time for filing expired sometime in May 1997. Thompson claims he should be excused from the timeliness requirement under Rule 32.1(f) because the failure to file his petition for post-conviction relief was without fault on his part. However, an untimely notice may only raise claims pursuant to Rule 32.1(d)-(h). Ariz. R. Crim. Pro. 32.4(a). Thompson's claim of ineffective

---

[1] We cite to the current version of applicable statutes when no revision material to this case has occurred.

[2] In June 1996, Thompson was also sentenced to a consecutive fifteen-year term of imprisonment for a 1989 conviction for theft of property.

[3] The other petitions were filed August 4, 1997; April 14, 2010; and August 13, 2012.

assistance of counsel is not a proper claim for an untimely or successive post-conviction relief proceeding.

¶4          For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA