NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RYAN EDWARD BERMEA, *Petitioner*.

No. 1 CA-CR 23-0339 PRPC
FILED 11-14-2023

Petition for Review from the Superior Court in Maricopa County
No. CR2018-148818-001
The Honorable Jennifer C. Ryan-Touhill, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert A. Walsh
*Counsel for Respondent*

Law Office of Stephen M. Johnson, Inc., Phoenix
By Stephen M. Johnson
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

¶1            Ryan Edward Bermea petitions this court to review the dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 32.1. We grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

¶2            In August 2018, while picking up his children from daycare, Bermea witnessed another child at the facility brandishing a stick and approaching his children. Bermea became angry and began to yell at the child, attracting the attention of the facility employees. Bermea remained hostile and continued to yell at the employees even as a teacher tried to intercede. This encounter ended with Bermea gesturing toward a tattoo of the number 13 on his head as he asked, "[d]o you see these numbers: 1-3? I didn't get those for nothing. Watch your back."

¶3            The State charged Bermea with threatening or intimidating to cause physical injury "in order to promote, further or assist in the interests of . . . a criminal street gang," a class 3 felony. *See* A.R.S. §§ 13-1202(A)(3), (C).[1] Bermea pled not guilty, and the case went to trial. After the close of the State's evidence, Bermea's counsel informed the court: "My client has elected not to testify. . . . When the jury comes back, we would rest." Bermea did not object to his counsel's declaration, and the defense rested without presenting evidence.

¶4            The jury found Bermea guilty, and the matter proceeded to the aggravation phase. After the State's argument, Bermea's counsel informed the court that Bermea wanted to testify "[c]ompletely unbeknownst to [counsel] until just now." The State objected, arguing that

---

[1]      We note that Part B(2) of the statute was held unconstitutional, though this does not affect our analysis. *See State v. Arevalo*, 249 Ariz. 370 (2020).

Bermea had already "had the opportunity to testify" and that "[b]ecause the parties agreed already that neither party would present any evidence. . . . both parties have rested." Bermea's counsel agreed with the State and said, "I intended only to make argument, and it was just now that my client leaned over to me and says, I want to say something. So I did say what I said, and I will stand by that." The court denied Bermea's request to testify.

¶5        The jury returned a verdict, finding two aggravating factors. Even so, the court imposed the minimum sentence, even "though [it understood] the jury found the aggravating circumstances." The court explained that it was bound by A.R.S. § 13-714 to add five years to the minimum two-year sentence for a class 3 felony. *See* A.R.S. §§ 13-702(D), 13-1202(C), and 13-714. Yet still, the court found that a seven-year sentence was "clearly excessive" under the circumstances. The court allowed Bermea to petition the Board of Executive Clemency to address the matter. *See* A.R.S. § 13-603(L). Bermea noted in his petition for review that the Board voted against recommending a lighter sentence to the governor.

¶6        Bermea appealed his sentence and conviction, arguing that the superior court erred by denying his request to testify at the aggravation phase. *State v. Bermea*, 1 CA-CR 19-0531, 2021 WL 871733, at *2, ¶ 10 (Ariz. App. Mar. 9, 2021) (mem. decision). This court affirmed the superior court because "[e]ven assuming error," Bermea had not established prejudice because he received the minimum sentence. *Id.* at *2-3, ¶¶ 16-17, 19. Thus, he could not have received a different verdict or sentence but for the error. *See id.* at *3, ¶ 17; *State v. Escalante*, 245 Ariz. 135, 144, ¶ 29 (2018).

¶7        Bermea petitioned for PCR with the superior court. He claimed that his trial counsel provided ineffective assistance by agreeing not to allow Bermea to testify during the aggravation phase. But the superior court dismissed the petition, reasoning that "[Bermea] had ample notice of his constitutional right to testify and/or remain silent" but that he "failed to advise his attorney before, during, or after the guilty verdict—but before the aggravation phase—that [he] wished to testify." The superior court also explained, "[a]ssuming the Court erred in not allowing [Bermea] to testify at the aggravation phase, any error is harmless" because the statutes required at least a seven-year sentence.

¶8        Bermea petitioned this court for review. We have jurisdiction under A.R.S. § 13-4239(C) and Rule 32.16.

## DISCUSSION

**¶9**		We review the superior court's ruling on a PCR petition for an abuse of discretion. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021).

**¶10**		"[A] defendant has a fundamental right, guaranteed under the Constitution, to testify." *State v. Gulbrandson*, 184 Ariz. 46, 64 (1995) (citing *Rock v. Arkansas*, 483 U.S. 44, 53, n.10 (1987)). Because the decision to testify belongs to the accused, counsel cannot waive that constitutional right unilaterally. *See State v. Lee*, 142 Ariz. 210, 215 (1984).

**¶11**		As he did before the superior court, Bermea asserts that his trial counsel was ineffective in violating his constitutional rights, entitling him to relief. *See* Ariz. R. Crim. P. 32.1(a)(1). He claims that his counsel "unilaterally agree[d]" to waive his right to testify without providing him "an opportunity to think and discuss his options[.]" And Bermea argues that counsel was ineffective for not objecting or defending his right to testify once he made his intention known.

**¶12**		"To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Thus, even where counsel's performance was deficient, we will not grant relief on a PCR petition absent a showing of prejudice. *See State v. Kolmann*, 239 Ariz. 157, 161, ¶ 13 (2016).

**¶13**		Bermea does not claim that his counsel was ineffective before the trial aggravation phase. By that point, the jury had returned a guilty verdict, and the court could not impose a sentence under seven years' imprisonment. *See* A.R.S. §§ 13-702(D), 13-1202(C), and 13-714. Assuming counsel was ineffective, Bermea's inability to testify due to the error did not prejudice him. *See Bermea*, 1 CA-CR 19-0531, at *3, ¶ 17 ("The superior court imposed the minimum sentence and the jury's determination at the aggravation phase did not negatively impact his sentence.").

**¶14**		We conclude that the superior court did not abuse its discretion by rejecting Bermea's claim for relief.

**CONCLUSION**

¶15      We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA