NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JUAN JIRON, JR., *Petitioner*.

No. 1 CA-CR 25-0425 PRPC

FILED 02-12-2026

Petition for Review from the Superior Court in Coconino County
No. S0300CR201801061
The Honorable Ted Stuart Reed, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Ammon David Barker
*Counsel for Respondent*

Ramos Law Firm, Scottsdale
By Paul A. Ramos
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1 Petitioner Juan Jiron, Jr. seeks review of the superior court's order summarily dismissing his petition for post-conviction relief ("PCR"), filed under Arizona Rule of Criminal Procedure ("Rule") 32.1. For the following reasons, we grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 Following a mistrial due to a hung jury, Jiron was retried, and the second jury convicted him of one count of indecent exposure, three counts of sexual conduct with a minor, and seven counts of child molestation. There were several victims. The superior court sentenced him to consecutive prison terms ranging from one year to life. We affirmed his convictions and sentences on appeal. *State v. Jiron*, 1 CA-CR 23-0113, 2024 WL 1578708 (Ariz. App. Apr. 11, 2024), at *3, ¶ 17 (mem. decision).

¶3 Jiron petitioned for PCR, alleging his trial counsel was ineffective because his counsel (1) did not call the victim "Penny's"[1] mother, who testified in the first trial, to testify about Penny's school grades and her reputation for being "untruthful"; (2) did not present expert testimony to refute the State's expert testimony; and (3) did not subpoena Penny's school records. He contended the cumulative effect of these errors prejudiced his defense and that he should have been granted an evidentiary hearing. The superior court summarily dismissed the petition, finding that Penny's school records were disclosed to trial counsel before trial and that the decision not to present testimony from Penny's mother or an expert was a matter of trial strategy.

¶4 Jiron timely petitioned for review. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statute ("A.R.S.") § 13-4239(C), and Rule 32.16(k).

---

[1] We use the same pseudonyms used in our decision on direct appeal. *Jiron*, 2024 WL 1578708, at *1, ¶ 2.

**DISCUSSION**

**¶5**        We review the superior court's PCR rulings for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). It is the petitioner's burden to show the superior court abused its discretion by denying his PCR petition. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶6**        To prevail on an ineffective assistance of counsel ("IAC") claim, Jiron must "demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *Bigger*, 251 Ariz. at 407, ¶ 8 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). We consider, "in light of all the circumstances, whether counsel's performance was reasonable under prevailing professional norms." *Id.* (quoting *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 5 (2017)). To establish prejudice, Jiron must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Pandeli*, 242 Ariz. at 180, ¶ 6 (citation omitted).

**¶7**        In resolving an IAC claim, we must "indulge a strong presumption" that counsel's representation was within the "wide range of reasonable professional assistance," and the defendant must overcome a presumption that the conduct could be sound trial strategy. *Strickland*, 466 U.S. at 689. "Strategic decisions are 'conscious, reasonably informed decision[s] made by an attorney with an eye to benefitting his client.'" *State v. Varela*, 245 Ariz. 91, 95, ¶ 9 (App. 2018) (quoting *State v. Denz*, 232 Ariz. 441, 445, ¶ 11 (App. 2013)). A court's analysis of counsel's strategy is "highly deferential," and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Bigger*, 251 Ariz. at 408, ¶ 11 (quoting *Strickland*, 466 U.S. at 689).

**¶8**        Jiron first argues trial counsel was ineffective for failing to call Penny's mother in the second trial to testify about Penny's school grades and her alleged reputation for "untruthfulness." He notes Penny's mother testified in the first trial that Penny had a problem with honesty and that her grades did not change during the period of the alleged abuse. He asserts counsel should have called Penny's mother to testify in the second trial because Penny's credibility was at issue.

**¶9**        Jiron fails to show counsel's conduct fell below an objective standard of reasonableness. After Penny's mother testified in the first trial, the State attacked her credibility and questioned her involvement in

Penny's social and academic life. Her mother acknowledged, "[m]e and [Penny] haven't really had a relationship." The jury also asked several questions about her drug addiction problems and ability to take care of Penny. Considering Penny's mother's testimony and credibility issues, Jiron fails to show how counsel's decision not to call her in the second trial was the result of "ineptitude, inexperience or lack of preparation." *Denz*, 232 Ariz. at 444, ¶ 7 (citation omitted).

¶10        Even assuming counsel's performance was deficient, Jiron fails to show he suffered resulting prejudice. During the second trial, defense counsel called another witness, who provided more detailed testimony than Penny's mother had about Penny's dishonesty and prior false accusations of sexual abuse. Thus, Jiron fails to show a reasonable probability that calling Penny's mother would have changed the verdict.

¶11        Jiron also contends counsel should have subpoenaed Penny's school records to counter the State's position that her grades significantly dropped during the period of the alleged abuse. Although Penny's grades were an issue in the first trial, no testimony about her grades was presented in the second trial. Further, during PCR proceedings, the State showed it had disclosed the records to defense counsel before trial. The State provided Bates numbers and an explanation of the records' contents to substantiate its disclosure. But Jiron did not rebut the disclosure. Thus, Jiron fails to show any deficient performance by counsel.

¶12        Jiron also argues his attorney was ineffective for failing to consult an expert or present expert testimony to counter the State's expert testimony, particularly regarding the effect of abuse on a school grades. At trial, the State's cold expert testified that victims of child abuse may present in many ways, from showing no outward changes in behavior to exhibiting a wide range of symptoms, including having difficulty focusing in school, and that there is no definitive checklist to determine whether abuse occurred. Jiron asserts the State's expert bolstered Penny's credibility by attributing her declining grades to the alleged abuse, and counsel should have presented a defense expert to challenge that conclusion.

¶13        We disagree because the State did not present any testimony in the second trial about Penny's grades or any connection between her grades and the alleged abuse. The State's expert instead provided a general assessment of this case type and did not include any diagnosis. Even if counsel's performance was deficient, Jiron fails to establish prejudice because he does not explain what a defense expert would have testified about Penny's grades or how that testimony would have undermined the

State's expert. *See State v. Bennett*, 213 Ariz. 562, 567, ¶¶ 21, 25 (2006). Thus, Jiron fails to show counsel was ineffective for not presenting expert testimony. *See Denz*, 232 Ariz. at 445, ¶ 11 (noting counsel may not pursue a particular investigative lead if they think it is unlikely to produce helpful information or is unnecessary given the overall trial strategy).

**¶14**     For these reasons, we conclude the superior court did not abuse its discretion by dismissing Jiron's IAC claims.

## CONCLUSION

**¶15**     We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR