NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LARRY JOSEPH PRINCE, *Petitioner*.

No. 1 CA-CR 14-0587 PRPC
FILED 9-6-16

Petition for Review from the Superior Court in Maricopa County
No. CR 2011-007328-004
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Larry Joseph Prince, Florence
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

---

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z CO**, Judge:

**¶1**        Larry Joseph Prince petitions this court for review of the summary dismissal of his notice of post-conviction relief, filed pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**        In June 2013, Prince pled guilty to one count of sale or transfer of narcotic drugs.  On August 12, 2013, in accordance with the terms of the plea agreement, the superior court sentenced Prince to a six-year term of imprisonment.

**¶3**        On June 13, 2014, ten months after his sentencing, Prince filed a notice of post-conviction relief, indicating his intent to raise a claim that the failure to file a timely notice of post-conviction relief was without fault on his part.  On July 2, 2014, the superior court summarily dismissed the notice based on findings that the notice was filed untimely and that Prince failed to present sufficient information to support his claim.  Following the denial of his motion for rehearing, Prince petitioned this court for review.

**¶4**         On review, Prince contends the superior court erred in summarily dismissing his notice of post-conviction relief.  Specifically, he argues the superior court erred in finding that he did not provide sufficient information in his notice of post-conviction relief to show that the failure to file a timely notice was without fault on his part.  We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).  We may affirm the superior court's ruling "on any basis supported by the record." *State v. Robinson*, 153 Ariz. 191, 199 (1987).

**¶5**        A notice of post-conviction relief in a Rule 32 "of-right" proceeding "must be filed within ninety days after the entry of judgment

and sentence." Ariz. R. Crim. P. 32.4.a. Pursuant to Rule 32.2.b, a defendant may avoid preclusion by showing, for example, that his claim is based on newly discovered material facts, *see* Ariz. R. Crim. P. 32.1.e, or a significant change in the law, *see* Ariz. R. Crim. P. 32.1.g, or that he was not at fault for failing to file a timely of-right notice of post-conviction relief, *see* Ariz. R. Crim. P. 32.1.f.

¶6        Rule 32.2.b also provides, however, that when a defendant claims one of these exceptions to preclusion, "the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner." Further, "[i]f the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed." Ariz. R. Crim. P. 32.2.b.

¶7        There was no abuse of discretion by the superior court in summarily dismissing Prince's untimely notice of post-conviction relief. Although Prince alleges in the notice that the failure to file a timely notice was without fault on his part, the superior court could reasonably conclude that information submitted in support of the allegation was not sufficient to justify the untimely filing.

¶8        The underlying claim Prince sought to raise in the post-conviction proceeding is an alleged breach of the plea agreement by the State. Prince alleges in the notice of post-conviction relief that the State agreed as part of the plea agreement not to pursue any further action against him based on the investigation leading to the drug charge to which he pled guilty. He further alleges that the State breached the agreement by undertaking to revoke his parole in a separate criminal case, Maricopa County Superior Court cause no. CR151033, based on that investigation.

¶9        Prince contends the failure to timely file his notice of post-conviction relief was without fault on his part because he was unable to seek relief based on the plea agreement until after his parole was revoked in March 2014. The State, however, commenced action to revoke his parole by serving him with a warrant for his arrest on October 28, 2013. Thus, he had actual notice of the State's breach of the alleged agreement not to use the investigation against him prior of the expiration of the ninety-day period for filing a timely notice of post-conviction relief of right. Moreover, even if the State's breach could be deemed to start a new ninety-day period for filing a timely notice of post-conviction relief, that ninety-day period would have expired in January 2014, months before Prince filed his

untimely notice of post-conviction relief in June 2014. Because Prince failed to provide sufficient meritorious reasons as required by Rule 32.2.b for his untimely filing of the notice of post-conviction relief on June 13, 2014, there was no error by the superior court in summarily dismissing the untimely notice.

¶10         For the foregoing reasons, we grant review, but deny relief.

