NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

GERALD CHARLES SOUCH, *Petitioner.*

No. 1 CA-CR 14-0791 PRPC
FILED 12-20-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-159749
The Honorable Robert E. Miles, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gerald Charles Souch, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge Michael J. Brown joined.

**W I N T H R O P**, Judge:

**¶1** Gerald Charles Souch petitions for review of the superior court's summary dismissal of his petition for post-conviction relief. We have considered his petition for review and, for the reasons stated, grant review but deny relief.

**¶2** Souch pled guilty to one count of burglary in the first degree, three counts of sexual assault, and one count of aggravated assault. On April 21, 1987, the trial court sentenced him to five consecutive aggravated terms of imprisonment totaling fifty-eight years. This court affirmed the convictions and sentences on appeal. *State v. Souch*, 1 CA-CR 11455 (Ariz. App. Oct. 22, 1987) (mem. decision).

**¶3** Between 1988 and 2014, Souch commenced more than twenty post-conviction relief proceedings, all of which were unsuccessful. On August 22, 2014, Souch filed a "Notice of Filing Rule 103(e) Petition," in which he challenged his convictions based on claims that the State did not enter the plea agreement in good faith and that perjured testimony was presented to the grand jury. The superior court treated the filing as a petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure and, finding the claims to be precluded, summarily dismissed the notice.

**¶4** On review, Souch argues the superior court erred in treating his filing as a Rule 32 petition for post-conviction relief and dismissing the claims based on preclusion. We review for an abuse of discretion the summary dismissal of a post-conviction relief proceeding. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

**¶5** Contrary to Souch's contention, Rule 103(e) of the Arizona Rules of Evidence does not provide an independent basis for challenging a criminal conviction. Because the claims asserted in the notice filed by Souch attacked the validity of his criminal convictions and sentences, the trial court properly treated the filing as a Rule 32 petition for post-conviction

relief. *See* Ariz. R. Crim. P. 32.3. And because Souch's claims for relief were based on alleged violations of constitutional rights, the superior court correctly found that Souch was precluded from raising them in an untimely post-conviction proceeding. *See* Ariz. R. Crim. P. 32.4(a) ("Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h).").

¶6        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA