NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEPHEN BERNARD YOUNG, *Petitioner*.

No. 1 CA-CR 18-0641 PRPC
FILED 4-9-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2010-006564-001
CR2010-006707-001
CR2010-007878-001
The Honorable Hugh E. Hegyi, Judge *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Stephen Bernard Young, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**J O N E S**, Judge:

**¶1** Stephen Young petitions this Court for review from the dismissal of his petition for post-conviction relief of-right (PCR) filed pursuant to Arizona Rule of Criminal Procedure (Rule) 32.1. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2** In 2012, Young entered three separate plea agreements, pleading guilty to eight counts of armed robbery and stipulated to terms between 10.5 and 21 years' imprisonment on each count. Consistent with the terms of the plea agreements, the superior court sentenced Young to two consecutive terms of 21 years' imprisonment and six terms of 21 years' imprisonment to run concurrently to other sentences. Young timely commenced PCR proceedings in each cause number. Appointed counsel notified the superior court that she found no colorable claims for relief, and Young filed a pro per PCR arguing that: (1) trial counsel was ineffective by failing to investigate the facts underlying the charges; (2) trial counsel was ineffective by failing to convey a more favorable plea offer to him; and (3) PCR counsel was ineffective by failing to discern and argue that trial counsel was ineffective.

**¶3** After holding a two-day evidentiary hearing, the superior court denied the PCR, and this petition for review followed. Absent an abuse of discretion or error of law, this Court will not disturb a ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012) (citing *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006)). The petitioner bears the burden to show an abuse of discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶4** On review, Young reasserts his claims of ineffective assistance of counsel. An ineffective assistance of counsel claim has two components. "First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. If a

defendant fails to make a sufficient showing for either prong of the *Strickland* test, the superior court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶5         First, Young argues that trial counsel's investigation of the cases was deficient.  At the evidentiary hearing, trial counsel testified that he never hired an investigator, could not recall whether he interviewed any witnesses, and did not remember how many times he visited Young in jail. When asked whether he believed his performance was deficient, counsel nonetheless asserted that his representation of Young complied with all professional and ethical rules, explaining that, from the outset, Young requested a plea agreement, and therefore the defense strategy was always to obtain the best possible plea offer rather than to mount a trial defense.

¶6         In his closing remarks, Young corroborated trial counsel's explanation of the defense strategy, quoting a letter he wrote to counsel in which he admitted his guilt and charged counsel with negotiating a plea deal that would allow him to be released from prison in his elder years rather than an effective "death sentence."   Given the uncontroverted evidence that Young instructed trial counsel to employ a defense strategy of settlement, he has failed to show that the failure to fully investigate the underlying facts was deficient.

¶7         Second, Young contends trial counsel's performance was deficient because he failed to convey to Young a more favorable plea offer of 29 years' imprisonment.   At the evidentiary hearing, trial counsel testified that he could not specifically recall relaying the 29-year plea offer to Young, but repeatedly expressed certainty that he did and stated that Young rejected each plea offer until he accepted the State's final offer.  In contrast to trial counsel's general recollection, the prosecutor handling each of Young's cases testified that he clearly recalled discussing the 29-year plea offer directly and in-person with Young.   He explained that Young represented himself in one of the matters for a period of time, and they developed a rapport and frequently negotiated directly.  According to the prosecutor, Young rejected the 29-year plea offer, characterizing it as "too severe."   In response, the prosecutor told Young that he had "very vivid" surveillance video of the crime scenes, including clear footage of Young shooting a victim, and told Young that the possibility of a lesser sentence was available only if he agreed to a higher sentencing range (an offer which Young ultimately accepted).  When pressed, the prosecutor unequivocally testified that he directly communicated the 29-year plea offer directly to Young before the offer expired.

**¶8**      On this record, we cannot say the superior court abused its discretion by "credit[ing] the attorneys' memories" and finding that the plea offer was conveyed to, and then rejected by, Young. As found by the court, it is "unfortunate" that "the conveyance was not memorialized" in a document or a recording, but the court was "in the best position to evaluate credibility and accuracy, as well as draw inferences, weigh, and balance" the evidence. *State v. Hoskins*, 199 Ariz. 127, 149, ¶ 97 (2000). Deferring to the court's credibility determinations, Young has failed to show that trial counsel was ineffective by failing to convey a more favorable plea offer.

**¶9**      Finally, because we affirm the superior court's determination that Young's trial counsel was not ineffective, we find no merit to his claim that his PCR counsel was ineffective for failing to raise the issue.

**¶10**      Accordingly, we grant review and deny relief.

