NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEVEN KEITH LUJAN MARUSICH, *Petitioner*.

No. 1 CA-CR 22-0096 PRPC
FILED 11-29-2022
AMENDED PER ORDER FILED 11-29-2022

Petition for Review from the Superior Court in Maricopa County
No. CV2014-152251-001
The Honorable Bradley H. Astrowsky, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Respondent*

Daniel R. Raynak, P.C., Phoenix
By Daniel R. Raynak
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**        Steven Keith Lujan Marusich petitions this court to review the dismissal of his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure 32.1. We have considered the petition and grant review but deny relief.

**¶2**        The superior court sentenced Marusich after a jury found him guilty of two counts of sexual conduct with a minor. This court affirmed the convictions and sentences on direct appeal. *State v. Marusich*, No. CA-CR 18-0295, 2019 WL 4447629, at *5, ¶ 39 (Ariz. App. Sept. 17, 2019) (mem. decision).

**¶3**        Marusich then petitioned for PCR, arguing his counsel was ineffective. The superior court denied the petition, finding no colorable claim. In rejecting the claims, the court explained that even if Marusich's allegations were true, "the verdict would not have been different as there would not have been much, if any, additional relevant evidence and there was overwhelming evidence of guilt."

**¶4**        Marusich petitioned for review, claiming that trial counsel was ineffective by failing to (1) adequately investigate the victim's (Abby)[1] mental health records and reputation, (2) request a mistrial, preclusion, or extended continuance upon the State's disclosure of phone records, and (3) object to evidence of other instances of Marusich and Abby's sexual relations at trial.

**¶5**        We review the superior court's denial of post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant."

---

[1]        We use a pseudonym to protect the victim's identity.

*Bennett*, 213 Ariz. at 567, ¶ 21. As for prejudice, a defendant must show that if the allegations are true, there is a reasonable probability the result would have been different but for the counsel's performance. *Id.* at 568, ¶ 25. A defendant is burdened with proving a "demonstrable reality" of counsel's ineffectiveness rather than mere speculation. *State v. Tison*, 129 Ariz. 546, 556 (1981). Marusich fails to establish a colorable claim for relief.

¶6        First, Marusich alleges that counsel should have sought to obtain Abby's mental health records. Trial counsel did seek to obtain Abby's records. *See Marusich*, No. CA-CR 18-0295, at *1, ¶ 6 ("Marusich argues the court erred in denying his motion to compel disclosure of [Abby's] mental health and school counseling records, asserting specifically that they were relevant to her credibility.") On appeal, this court held that Marusich did not establish a substantial need for the record. *Id.* at *2, ¶ 10.

¶7        In his PCR petition, Marusich claimed counsel could have easily figured out where Abby attended high school and should have interviewed Abby's friends and classmates to gather information undermining her credibility. But Marusich fails to show how this evidence would be discoverable or admissible. Moreover, Marusich fails to explain how this evidence, if admitted, would have affected the outcome of his trial. Aside from Abby's testimony that Marusich knew she was a minor, the jury had Marusich's admission that he knew Abby's age as well as messages, pictures, phone records, and a recorded phone call all depicting a sexual relationship between Marusich and Abby. Marusich does not explain how proving Abby's reputation or attacking her credibility by her mental health records would have impacted his verdict, given the overwhelming evidence of guilt that he knowingly had sexual relations with a minor.

¶8        Marusich further claims that counsel did not "fully explore[]" his claim that the State untimely disclosed a report of Abby's phone records. Marusich asserts that, rather than reviewing the records in one day, counsel should have moved for "mistrial, preclusion, or an extended continuance." Marusich states that the phone records were "dam[n]ing." Again, this court rejected a similar claim on appeal. *Marusich*, No. CA-CR 18-0295, at *2, ¶ 12.

¶9        The phone records showed that Marusich and Abby communicated. And at the trial, Marusich conceded he spoke with Abby

and had sex with her more than once. Marusich does not explain how the verdicts would differ but for counsel's actions.[2]

¶10       Marusich also argues that counsel erred by failing to object to evidence that Abby and Marusich had sexual intercourse multiple times. As this court noted when affirming Marusich's conviction, the evidence was likely still admissible under Arizona Rule of Evidence 404(c) because the "acts were committed against the same victim, around the same time as the charged acts, and in a similar manner." *Marusich*, No. CA-CR 18-0295, at *5, ¶ 25. Marusich does not explain how failing to object was unreasonable or how the outcome would have been different had counsel objected.

¶11       Marusich failed to establish a colorable claim of ineffective assistance of counsel. Thus, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    JT

---

[2]     The State disputed that it disclosed the phone records untimely. The State avowed it disclosed the report nearly two months before the trial. *Marusich*, No. CA-CR 18-0295, at *3, ¶ 14. In rejecting the claim on appeal, this court assumed disclosure of the records was tardy but still found no prejudice. *Id.* at *3, ¶ 15.