NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LASHAWN YOUNG JOHNSON, *Petitioner.*

No. 1 CA-CR 24-0078 PRPC

FILED 02-11-2025

Appeal from the Superior Court in Maricopa County
No. CR2017-002885-001
The Honorable Chuck Whitehead, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell (Retired)[1] and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**   Lashawn Young Johnson petitions this court to review the summary dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Criminal Rule") 32.1. Young claimed ineffective assistance of counsel ("IAC") based on trial counsels' failure to suppress involuntary oral and written statements made during an interrogation. We grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**   A jury convicted Johnson of first-degree murder, arson, theft of a means of transportation, and abandonment or concealment of a dead body based on the following facts.

**¶3**   After communicating with the victim through a dating profile and texts, Johnson invited her to his home on the night she went missing. *State v. Johnson*, 1 CA-CR 18-0735, 2020 WL 639192, at *1, ¶ 2 (Ariz. App. Feb. 11, 2020) (mem. decision). The victim's phone was powered off the next morning, and the police later tracked the victim's phone to a cell tower near Johnson's residence. *Id.* The day after the victim's disappearance, Johnson missed an appointment with his girlfriend and failed to respond to her throughout the day. *Id.* at *1, ¶ 4. That evening, he asked his girlfriend to pick him up in Tonopah. *Id.*

**¶4**   Some weeks later, Johnson invited his girlfriend for a hike in Tonopah. *Johnson*, 1 CA-CR 18-0735, at *2, ¶ 5. While there, he directed them to a trail and eventually, the two found a burnt-out car, where he spent a

---

[1]  The Honorable Jennifer B. Campbell, Judge of the Court of Appeals, Division One (Retired), is authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this decision pursuant to the Arizona Constitution, Article 6, Section 3, and Arizona Revised Statutes §§ 12–145 to –147.

couple of minutes alone. *Id.* Police later found the victim's body in a shallow grave near the car. *Id.* at *2, ¶ 6.

¶5            Police found the victim's blood on a bed frame, kitchen table, and kitchen wall in Johnson's residence, as well as evidence of attempts to clean up the blood. *Johnson*, 1 CA-CR 18-0735, at *2, ¶ 6. Johnson made calls on recorded jail lines to both his wife and girlfriend, telling his girlfriend that he had met the victim that night and later telling his wife that he "let the liquor control [him]" and that he "just made a big mistake." *Id.* at *2, ¶¶ 8, 10 (alteration in original). He also told his wife that he "made a bad choice in life" and that he "was drinking and [expletive] just went to the left." *Id.* (alteration in original).

¶6            Police woke Johnson at 1:20 A.M. and told him he was going to a medical examination, then shackled and handcuffed him in an interrogation room. After being read his *Miranda* rights, Johnson repeatedly conveyed he did not want to talk, but the police continued the interrogation for six hours. The interrogation ended with the detectives asking Johnson to write an apology letter to the victim's family. He agreed and wrote a series of letters in which he stated: "I am LaShawn Johnson wouldn't kohw how. To say how sorry I am Just Hope yall forgive me for waht I have [unintelligible]" and "[i]t has [unintelligible] to be come a [unintelligible] I am raelly sorry for take some one you love[.]" [errors in original]. *Johnson*, 1 CA-CR 18-0735, at *2, ¶ 9. Johnson, who has a low IQ, tried to hide one letter in his pants and tossed the other in a trash can.

¶7            At sentencing, the court imposed a mandatory life sentence for the murder, 3.5 years for the theft, 2.5 years for the arson, and 1.5 years for the concealment of the body. *Johnson*, 1 CA-CR 18-0735, at *3, ¶ 13. Johnson appealed, and we affirmed his convictions and sentences. *Id.* at *1, ¶ 1. Johnson petitioned for PCR, asserting IAC by trial counsel for their failure to suppress the interrogation and letters. The superior court summarily denied his petition, and Johnson petitioned for review. We have jurisdiction under the Arizona Constitution, Article 6, Section 9, Arizona Revised Statutes §§ 13-4031 and -4239, and Criminal Rule 32.16.

## DISCUSSION

¶8            Whether trial counsel gave ineffective assistance of counsel is a mixed question of law and fact. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). The petitioner must show the superior court abused its discretion by denying their PCR petition, *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021), and we review the court's legal conclusions *de novo*, *Pandeli*, 242 Ariz. at 180,

¶ 4. A petitioner's claim is subject to summary dismissal if the alleged facts are unlikely to change the verdict. *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016); Ariz. R. Crim. P. 32.11(a).

**¶9** To state a colorable IAC claim, the defendant must prove deficient performance by counsel, which caused prejudice to their case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). The first prong requires the court to determine "whether counsel's representation fell below an objective standard of reasonableness." *Hinton v. Alabama*, 571 U.S. 263, 272 (2014) (quotation omitted). For the second prong, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

**¶10** Counsel's decision on whether to move to suppress evidence is a matter of trial strategy, which we review only to determine whether he or she had some reasoned basis for the choice made. *State v. Nirschel*, 155 Ariz. 206, 208-09 (1987). Johnson presents strong evidence that his statements during the police interrogation were involuntary. But Johnson failed to provide evidence, such as affidavits, explaining counsels' basis for not suppressing the interrogation. *See State v. Denz*, 232 Ariz. 441, 445, ¶ 12 (App. 2013) ("A purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them." (quotation omitted)). We also note that trial counsel affirmatively used some of Johnson's statements in his defense. With just the record from the trial, we lack evidence to show that counsels' decision was tactical rather than the result of "ineptitude, inexperience or lack of preparation." *See State v. Goswick*, 142 Ariz. 582, 586 (1984). Thus, trial counsels' performance cannot be assessed without more evidence.

**¶11** Regardless of performance, however, Johnson failed to raise a colorable claim because he did not show prejudice to his case. *Bennett*, 213 Ariz. at 567, ¶ 21 ("Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim."). Even if Johnson's alleged involuntary statements had been suppressed, the State presented overwhelming evidence inculpating him, including the victim's blood at his residence, his knowledge of the location of the victim's car and grave, the victim's presence in his residence on the night of her disappearance, and Johnson going to the vicinity of the gravesite the next day. *Johnson*, 1 CA-CR 18-0735, at *1-2, ¶¶ 2, 4-6; *Harrington*, 562 U.S. at 113 (Substantial circumstantial evidence of the defendant's guilt provides grounds for

finding no prejudice as the remaining evidence outweighs any possible acquittal.); *State v. Salazar*, 146 Ariz. 540, 543 (1985) (same). Further, Johnson's statements in recorded jail calls were duplicative of his statements during the interrogation. As a result, even if trial counsel had successfully suppressed Johnson's statements, much of the same information would have still been presented to the jury, which convicted him on the evidence before it.

**¶12**      Johnson failed to show a reasonable probability that the outcome of his trial would have been different had the interrogation been suppressed. Thus, he failed to present a colorable IAC claim, and the court did not err by summarily dismissing the PCR petition.

## CONCLUSION

**¶13**      We grant review but deny relief.

