NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL EDWARD TUPPER, *Petitioner*.

No. 1 CA-CR 24-0103 PRPC

FILED 04-17-2025

Petition for Review from the Superior Court in Maricopa County
Nos. CR2021-108119-003, CR2022-001657-001
The Honorable Justin Beresky, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Bradley F. Perry
*Counsel for Respondent*

Law Office of David G. Bednar, Flagstaff
By David G. Bednar
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

¶1        Michael Edward Tupper petitions the court for review from the superior court's dismissal of his Rule 33, Arizona Rules of Criminal Procedure, petition for post-conviction relief. Tupper's superior court petition consolidated 2 cases, concerning offenses in 2020 and 2021. Tupper's appeal here concerns just the 2021 offense. The court grants review but denies relief.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        On February 27, 2021, Tupper was involved in an incident in a hotel room with 4 other people. Tupper allegedly was there to help 1 of the other 4 people recover her money from the victim. Tupper brought a gun. An altercation ensued, and Tupper shot the victim in the head.

¶3        Tupper entered a plea agreement, pleading guilty to 1 count of second-degree murder, a class 1 dangerous felony. The superior court sentenced Tupper after hearing arguments from Tupper's trial counsel. Based on the terms of the plea agreement for the 2021 offense, the superior court imposed a less-than-presumptive 15-year prison term.

¶4        Tupper timely sought post-conviction relief in the superior court. Tupper argued his trial counsel was ineffective on 3 different instances during the guilty plea and sentencing phase. The State responded and ultimately included a declaration from Tupper's trial counsel, addressing Tupper's allegations. The superior court summarily dismissed the petition, finding Tupper "fail[ed] to establish a colorable claim pursuant to Rule 33."

¶5        Tupper appealed the superior court's dismissal of his petition. Tupper claims his trial counsel was ineffective in 1 instance for 3 different reasons. First, Tupper argues his trial counsel did not "answer the [superior c]ourt's inquiry about whether the death of the victim was the result of a scuffle or more akin to an execution." Specifically, the superior court

questioned whether the incident was more a scuffle based on trial counsel's sentencing memorandum or more of an execution based on the presentence report. Second, Tupper argued trial counsel's answer was inconsistent with the robbery scenario in the sentencing memorandum, making Tupper's action "appear to be aggravating." Third, Tupper argued trial counsel failed to present mitigating evidence. Tupper says the superior court reasonably could have imposed a mitigated term of about 10 years but for the alleged ineffective assistance of counsel.

¶6 The court has jurisdiction over Tupper's timely petition for review under Article VI, Section 9, of the Arizona Constitution, A.R.S. § 13-4239.C, and Rule 33.16.

## DISCUSSION

¶7 The court reviews a superior court's ruling on a petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012); *State v. Kolmann*, 239 Ariz. 157, 160 ¶ 8 (2016). To establish an abuse of discretion, Tupper must show the superior court erred or "fail[ed] to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021).

¶8 To establish ineffective assistance of counsel, Tupper must show "both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced" him. *See State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *Id.*

¶9 To show counsel's performance fell below objectively reasonable standards, Tupper must overcome the court's "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Kolmann*, 239 Ariz. at 160 ¶ 10 (quoting *Strickland*, 466 U.S. at 689). To do so, Tupper must show trial "counsel's decisions were not tactical or strategic in nature, but were instead the result of ineptitude, inexperience, or lack of preparation." *Id.* (quotations omitted).

¶10 To show counsel's deficiency prejudiced him, Tupper must establish a "probability sufficient to undermine confidence in the outcome" that but for counsel's deficiency, "the result of the proceeding would have been different." *See Bennett*, 213 Ariz. at 568 ¶ 25 (quotations omitted). To do so, Tupper must establish a reasonable possibility, but for trial counsel's deficiency, he would have received a more mitigated sentence. *See id.*

¶11  During sentencing, the superior court specifically asked the State and Tupper's trial counsel to help "delineate" whether the incident was more a scuffle per the sentencing memorandum or an execution per the presentence report. In their responses, neither the State nor Tupper's trial counsel characterized the incident as an execution. The State only contended it "was not a scuffle."

¶12  Tupper's trial counsel explained his response and his reasoning in his declaration. He chose not to say the incident was a scuffle or execution because the State did not take a decisive stance to say it was an execution. Trial counsel also said he chose to highlight the points from his sentencing memorandum. To that end, Tupper's trial counsel said Tupper intended to commit robbery but not homicide nor did he have an "intent to execute the victim." Counsel explained another defendant manipulated Tupper, Tupper was afraid, and then "unexpected events unfolded quickly . . . result[ing]" in Tupper shooting the victim. Trial counsel's decisions were tactical in nature. Tupper has not shown those decisions were the result of ineptitude, inexperience, or lack of preparation. *See Kolmann*, 239 Ariz. at 160 ¶ 10.

¶13  Tupper fails to establish trial counsel's conduct fell below objectively reasonable standards. Failing to prove a prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *See Bennett*, 213 Ariz. at 567 ¶ 21. The court therefore need not address the prejudice prong.

## CONCLUSION

¶14  Because trial counsel's conduct were tactical decisions, Tupper fails to show the superior court abused its discretion in dismissing his Rule 33 petition. The court grants review but denies relief.

