NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAY DEE BEATTE, JR., *Petitioner*.

No. 1 CA-CR 25-0219 PRPC

FILED 12-18-2025

Petition for Review from the Superior Court in Mohave County
No. S8015CR201600440
The Honorable Douglas Camacho, Commissioner

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Jacob Cote
*Counsel for Respondent*

Carr Law Office, PLLC, Kingman
By Sandra Carr
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Brian Y. Furuya joined.

---

**H O W E**, Judge:

¶1            Jay Beatte Jr. petitions for review of the superior court's dismissal of his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2            In 2019, a jury convicted Beatte of one count of molestation of a child. On appeal, this Court found that the superior court coerced a juror and vacated his conviction and sentence. *State v. Beatte*, 1 CA-CR 19-0503, 2020 WL 5950895, at *6 ¶ 31 (Ariz. App. Oct. 8, 2020) (mem. decision). On remand, a jury again convicted Beatte of one count of molestation of a child. Following the second trial, his counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that she found no arguable questions of law and asking us to search the record for fundamental error. *State v. Beatte*, 1 CA-CR 21-0513, 2022 WL 2813521, at *1 ¶ 1 (Ariz. App. July 19, 2022) (mem. decision). Beatte failed to file a pro se supplemental brief. *Id.* at *1 ¶ 1. After review, this Court found no error and affirmed his conviction and sentence. *Id.* at *1, *2 ¶¶ 2, 10.

¶3            After his assigned post-conviction relief counsel failed to find any colorable claims, Beatte filed a pro se petition alleging that (1) his indictment was defective, (2) his sentence was illegal, (3) other acts evidence was wrongly admitted, (4) *Brady* evidence existed and was not disclosed, *see generally Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that the State must disclose material evidence favorable to the accused), (5) the court failed to give a *Willits* instruction, *see generally State v. Willits*, 96 Ariz. 184, 191 (1964) (holding that a jury may be instructed to draw an adverse inference if the state fails to preserve potentially exonerating evidence), and (6) ineffective assistance of trial counsel. The superior court set an evidentiary hearing to assess the ineffective assistance of counsel claim but dismissed Beatte's other claims. Before the evidentiary hearing, Beatte petitioned this Court to review all but one of the dismissed claims. *See State*

*v. Beatte*, 1 CA-CR 24-0027 PRPC, 2024 WL 4948607, at *1 ¶ 5 (Ariz. App. Dec. 3, 2024) (mem. decision). This Court found that "piecemeal review of individual issues decided before the superior court has resolved all issues in a PCR petition" was inappropriate and denied review without prejudice to a subsequent petition following a final decision. *Id.* at *1 ¶¶ 7–8.

**¶4**　　　　In anticipation of the evidentiary hearing on the ineffective assistance of trial counsel claims, the superior court assigned counsel to Beatte. Counsel filed a supplemental petition alleging that appellate counsel was also ineffective and requesting a new direct appeal. The court summarily denied the claims of appellate counsel's ineffectiveness but reaffirmed that two ineffective assistance of trial counsel claims still warranted an evidentiary hearing. Following consultation with his counsel, Beatte withdrew the outstanding ineffective assistance of trial counsel claims.

**¶5**　　　　Beatte petitioned for review, and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution, A.R.S. § 13-4239(C), and Arizona Rule of Criminal Procedure ("Rule") 32.16.

## DISCUSSION

**¶6**　　　　Beatte raises claims that his appellate counsel was ineffective for filing an *Anders* brief and neglecting to raise certain issues including that the court erred in permitting the admission of other acts evidence and failing to instruct the jury on the standard for clear and convincing evidence. He also claims that he was "illegally sentenced as a repetitive offender."

**¶7**　　　　Absent an abuse of discretion or error of law, this Court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Evans*, 252 Ariz. 580, 594 ¶ 7 (App. 2022). The petitioner bears the burden to show that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). We will affirm the superior court's ruling if "legally correct for any reason." *See State v. Perez*, 141 Ariz. 459, 464 (1984).

**¶8**　　　　To state a claim of ineffective assistance of counsel, Beatte must prove that his counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006). "A strong presumption exists that appellate counsel provided effective assistance." *Id.*

at 567 ¶ 22. Further, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

**¶9** As here, when counsel submits a brief in accordance with *Anders* and *Leon* this Court allows the defendant to submit a pro se supplemental brief and searches the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). "If any arguable issue presents itself, the court directs appointed counsel to brief the issue." *Id.* Only after confirming that "counsel has conscientiously performed his or her duty to review the record," and itself reviewing the record for reversible error does this Court rule. *Id.* "This review gives the indigent appellant at least one, and as many as four, additional lawyers searching the record for error." *Id.* at 538 ¶ 36 (cleaned up). In fact, "[s]ome courts have recognized an anomaly created by *Anders*" believing that it "gives the indigent defendant more than he could expect had counsel (whether retained or appointed) decided to press the appeal." *Id.* at 538 ¶ 36 n.10 (quotation omitted). This extensive review by the Court occurred in Beatte's case. *See Beatte*, 1 CA-CR 21-0513, at *1 ¶ 2. Thus, any potential deficiency by appellate counsel in filing an *Anders* brief did not prejudice Beatte.

**¶10** Beatte also claims his sentence is illegal. *See* Ariz. R. Crim. P. 32.1(c). "An illegal sentence . . . constitutes fundamental error." *State v. Pesqueira*, 235 Ariz. 470, 478 ¶ 29 (App. 2014). However, a claim of illegal sentence may be precluded if "finally adjudicated on the merits in an appeal or in any previous post-conviction proceeding." Ariz. R. Crim. P. 32.2(a)(2), (b). Beatte did not argue sentencing error on appeal and, in reviewing the matter for reversible error, this Court noted that the superior court "impos[ed] a sentence within the statutory limits." *Beatte*, 1 CA-CR 21-0513, at *2 ¶ 9; *see e.g., State v. Quintero,* 1 CA-CR 24-0035 PRPC, 2024 WL 3458103, at *1, *2 ¶¶ 5, 13 (Ariz. App. July 18, 2024) (mem. decision) (finding a defendant's claim precluded as "finally adjudicated on the merits in an appeal" where, on appeal, this Court reviewed for reversible error pursuant to *Anders*).[1] Thus, Beatte's claim is precluded, and the superior court did not err. *See Perez*, 141 Ariz. at 464 (we will affirm the superior court's ruling if "legally correct for any reason").

---

[1] Cited for persuasive value pursuant to Ariz. R. Sup. Ct. 111(c)(1)(C).

## CONCLUSION

¶11        We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR