NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, Respondent,

*v.*

RONNIE QUIJADA, *Petitioner*.

No. 1 CA-CR 25-0257 PRPC
FILED 01-27-2026

Appeal from the Superior Court in Yuma County
No. S1400CR201000382
The Honorable Darci D. Weede, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yuma County Attorney's Office, Yuma
By Karolyn Kaczorowski
*Counsel for Respondent*

Ronnie Quijada, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs, Judge Brian Y. Furuya, and Judge James B. Morse Jr. delivered the decision of the Court.

**PER CURIAM**:

**¶1** Petitioner Ronnie Quijada seeks review of the superior court's order denying his petition for post-conviction relief ("PCR"), filed pursuant to Arizona Rule of Criminal Procedure 33.1. This is Quijada's second petition, challenging the sentence and the effective assistance of his counsel.

**¶2** We will not disturb a superior court's ruling on a PCR petition absent an abuse of discretion or legal error. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Quijada has the burden to show that the superior court erred in denying his petition. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶3** We have reviewed the record in this matter, the superior court's order denying the PCR petition, and the petition for review. The petitioner has not established abuse of discretion because his claims are waived, precluded, and not colorable.

**¶4** A sentence challenge is waived when raised years after the 60-day time limit imposed by Arizona Rule of Criminal Procedure 24.3. Even if it were not, the court did not abuse its discretion by imposing a lawful sentence within statutory limits pursuant to a plea Quijada entered voluntarily.

**¶5** Ineffective assistance of counsel claims must be timely, not precluded, and colorable. Ariz. R. Crim. P. 33.2; *State v. Bennett*, 213 Ariz. 562, 565–67, ¶¶ 13, 17, 21 (2006). Colorable claims show counsel's performance fell below objective reasonable standards and this prejudiced the defendant. *Bennett*, 213 Ariz. at 567, ¶ 21 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Even if Quijada's claim against trial counsel was originally timely, he waived that claim because he did not seek review of his first PCR, and this second petition is only proper to challenge PCR counsel's effectiveness. *See Bennett*, 213 Ariz. at 566, ¶¶ 14–16. And his claim against PCR counsel is not colorable because Quijada's guilty plea prevented the trial court from ruling on any challenges Quijada raises now. Under the circumstances, PCR counsel's decision not to brief the first petition was reasonable.

¶6      We grant review but deny relief.

